Case 2:05-cv-05027-R-MAN

1  Michael C. Kelley (SBN 090062)
   mkelley@sidley.com
2  Robert M. Stone (SBN 205365)
   rstone@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
4  Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6  William F. Conlon (admitted *pro hac vice*)
   wconlon@sidley.com
7  Anne E. Rea (admitted pro hac vice)
   area@sidley.com
8  SIDLEY AUSTIN LLP
   One South Dearborn
9  Chicago, Illinois 60603
   Telephone: (312) 853-7000
10 Facsimile: (312) 853-7036

11 Attorneys for Defendants
   Southern California Gas Company,
12 The Southern California Gas Company Pension Plan

```
FILED
CLERK, U.S. DISTRICT COURT

FEB - 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

13              **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**

15 | DAVID HURLIC, SUSANNA H. SELESKY,   ) Case No.: CV-05-5027 R (MANx)
16 | individually and on behalf of a class of all   )
   | other persons similarly situated,   )
17 |                                           ) **STIPULATION AND**
   |                                           ) ~~[PROPOSED]~~ **PROTECTIVE**
18 |              Plaintiffs,                  ) **ORDER**
   |                                           )
19 |              v.                           )
   |                                           )
20 | SOUTHERN CALIFORNIA GAS              )
21 | COMPANY, THE SOUTHERN               )
   | CALIFORNIA GAS COMPANY PENSION    )
22 | PLAN,                                )
   |                                      )
23 |              Defendants.             )

24

25

26

27

28
                        **[PROPOSED] PROTECTIVE ORDER**
   LA1 1375227v.1

1     WHEREAS, Plaintiffs David Hurlic and Susanna Selesky, on behalf of

2   themselves and all others similarly situated ("Plaintiffs") and Defendant Southern

3   California Gas Company ("Defendant or "SoCalGas") intend to conduct pretrial

4   discovery in the above-captioned action from one another;

5     WHEREAS, this discovery will require the disclosure of testimony,

6   documents, or other information that may be considered by the respective parties to

7   contain confidential business information and information involving the privacy rights of

8   individuals;

9     WHEREAS, the parties wish to provide a mechanism for the exchange of

10   such information in a manner that will protect its confidentiality, and thus, the parties

11   desire to have the Court enter this Stipulation and [Proposed] Protective Order

12   ("Protective Order") to protect such information and limit its dissemination;

13     THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to

14   order of the Court, that the Parties to the Litigation, as well as their employees, agents,

15   attorneys, and representatives, will comply with the terms and procedures set forth herein

16   with respect to documents and other information that are produced or disclosed in the

17   Litigation (as defined below).

18          1.     Definitions

19          (a)     "Confidential Information" means all Discovery Material designated

20   as "CONFIDENTIAL." or "ATTORNEYS' EYES ONLY." A Designating Party will

21   only designate information as "CONFIDENTIAL" that it reasonably believes contains

22   proprietary, confidential, private, trade secret, and/or non-public information that should

23   not be disclosed to third-parties. A Designating Party will only designate information as

24   "ATTORNEYS' EYES ONLY" that it reasonably believes contains proprietary,

25   confidential, private, trade secret, and/or non-public information that should not be

26   disclosed to third parties and/or other parties in the Litigation.  The Designating Party

27   will use reasonable care to avoid designating Discovery Material as Confidential

28                                        2

Case 2:05-cv-05027-R-MAN

1   Information when such material is not reasonably believed to contain the types of
2   proprietary, confidential, private, trade secret and/or non-public information described
3   herein.  The definition of "Confidential Information" includes any data or notes derived
4   from Confidential Information, as well any documents containing, reproducing,
5   paraphrasing, or summarizing Confidential Information.

6        (b)    "Designating Party" means any party or third-party that designates
7   Discovery Material as Confidential Information.

8        (c)    "Discovery Material" means all documents, materials, or other
9   information produced or disclosed by any person or entity related to the Litigation,
10  including but not limited to:

11            (i)    during the course of discovery, including, but not limited to, by
12                 subpoena;

13            (ii)    in any pleading, document, affidavit, brief, motion, or
14                 transcript; or

15            (iii)    during testimony given at deposition, hearing, or trial.

16       (d)    "Litigation" means the above-captioned action pending in the United
17  States District Court for the Central District of California, and also includes any appellate
18  proceedings in the above-captioned action.

19       (e)    "Privilege" means the attorney-client privilege, the attorney work-
20  product doctrine, or any other legally-recognized privilege or doctrine that may apply to
21  documents and information subject to this Protective Order.

22       (f)    "Producing Party" means any party or third-party producing
23  Discovery Material.

24       (g)    "Receiving Party" means any party receiving Discovery Material.

25

26

27

28

3

LA1 1375227v.1

2.    Use of Discovery Material Limited to Litigation

All documents and information produced by any party or third-party during the course of the Litigation, irrespective of whether it is designated as Confidential Information, will be used solely for the purpose of this Litigation.

3.    Labeling of Confidential Information

(a)    A Producing Party that produces Discovery Material containing or reflecting Confidential Information will mark the Discovery Material by labeling each page or other medium as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate. If a Producing Party initially produces Discovery Material without designating it as Confidential Information, the Producing Party or any other party may subsequently designate the Discovery Material as Confidential Information by providing all parties with written notice of the appropriate designation and an identification of the Discovery Material by bates number or with reasonable particularity.

(b)    If the Designating Party determines that the Discovery Material that was initially designated as Confidential Information does not qualify for protection under the terms of this Order (or does not qualify for the level of protection asserted), the Designating Party shall promptly notify all other parties that it is withdrawing the designation of the Discovery Material as Confidential Information.

(c)    A party may designate information disclosed in response to a written discovery request (i.e., interrogatory responses) as Confidential Information by so indicating its appropriate designation in the written response.

4.    Permissible Disclosures and Uses of Confidential Information

(a)    Discovery Material designated as "CONFIDENTIAL" may be disclosed by the Receiving Party to the following persons or entities:

(i)    counsel of record in this Litigation or other outside counsel, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees, agents and sub-contractors of such counsel;

4

LA1 1375227v.1

Case 2:05-cv-05027-R-MAN

1             (ii)     the parties to this Litigation;

2             (iii)     independent experts and consultants retained or consulted by

3 such party, including the partners, associates, and stenographic, secretarial, paralegal,

4 clerical and other employees of such expert or consultant;

5             (iv)     any person who is reasonably anticipated to be a witness at

6 deposition or trial (including former employees of any party) where the

7 CONFIDENTIAL material is reasonably anticipated to relate to the testimony of such

8 witness;

9             (v)     the Court and its personnel, including, but not limited to, court

10 reporters;

11             (vi)     mediators, and/or other neutrals, appointed or selected to

12 conduct any settlement negotiations between the parties;

13             (vii)     any person who is indicated on the face of the document to have

14 been an author, addressee, copy recipient, or any person who actually prepared or

15 provided the Confidential Information;

16             (viii) a party's insurers; and

17             (ix)     any other person or entity authorized by an order of the Court.

18         (b)     Discovery Material designated as "ATTORNEYS' EYES ONLY"

19 may be disclosed by the Receiving Party to the following persons or entities:

20             (i)     counsel of record in this Litigation or other outside counsel,

21 including the partners, associates, and stenographic, secretarial, paralegal, clerical and

22 other employees, agents and sub-contractors of such counsel;

23             (ii)     independent experts and consultants retained or consulted by

24 such party, including the partners, associates, and stenographic, secretarial, paralegal,

25 clerical and other employees of such expert or consultant;

26             (iii)     the Court and its personnel, including, but not limited to, court

27 reporters;

28

5

LA1 1375227v.1

Case 2:05-cv-05027-R-MAN

1                (iv)    mediators, and/or other neutrals, appointed or selected to

2 conduct any settlement negotiations between the parties; and

3                (v)    any person who is indicated on the face of the document to have

4 been an author, addressee, copy recipient, or any person who actually prepared or

5 provided the Confidential Information.

6                (c)    Any person identified in Paragraphs 4(a)(i), (ii), (vii) and (viii) and

7 4(b)(i) and (v) who receives Confidential Information must (1) be advised of this

8 Protective Order, (2) be directed to use such Confidential Information only for purposes

9 of this Litigation, and (3) be directed to refrain from disclosing or discussing such

10 Confidential Information with any person other than those already subject to the terms of

11 this Protective Order. Prior to the disclosure of any Confidential Information to any

12 person identified in Paragraphs 4(a)(iii), (iv) and (ix), and 4(b)(ii), such person must be

13 furnished with a copy of this Protective Order and must execute the certificate attached as

14 Exhibit A. Counsel for the party disclosing Confidential Information will maintain these

15 written certifications, and they will be available to opposing counsel for inspection and

16 copying. In the event a disclosure is made to an undisclosed expert or consultant retained

17 by a party, the identity of the undisclosed expert is that party's work product and need not

18 be disclosed to opposing counsel even though the expert or consultant signs a written

19 certification; provided, however, that the written certification executed by the undisclosed

20 expert or consultant will be made available to opposing counsel for inspection and

21 copying at the earliest of (i) the date on which such expert or consultant has been

22 disclosed; (ii) within sixty (60) days after termination of this Litigation, whether by

23 settlement, judgment or appeal; or (iii) upon order of the Court.

24                (d)    Any person receiving Confidential Information will not reveal or

25 discuss the information with any person who is not authorized by this Protective Order to

26 receive the information.

27

28

**[PROPOSED] PROTECTIVE ORDER**

LA1 1375227v.1

1       5.      Deposition Testimony

2               (a)     All deposition testimony and exhibits disclosing or referencing

3   Confidential Information will be treated as Confidential Information pursuant to this

4   Protective Order. Any designation of deposition testimony as "CONFIDENTIAL" or

5   "ATTORNEYS' EYES ONLY" will be made at the time such testimony is given or

6   within fifteen (15) days after the parties' and/or deponent's receipt of a transcript of such

7   proceedings, whichever is later. When the transcripts of testimony designated as being

8   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are prepared, the reporter will

9   place the following legend on the cover of the transcript: "Certain portions of this

10  transcript contain Confidential Information subject to a Protective Order of the Court –

11  those materials must be filed under seal."

12              (b)     If, during a deposition, a question calls for an answer that any party

13  claims is Confidential Information, the party may request any person who is not

14  authorized to receive Confidential Information to leave the room during that portion of

15  the testimony.

16      6.      Challenging the Designation of Confidential Information

17              Within thirty-five (35) days after Discovery Material is designated as

18  Confidential Information, a party ("Challenging Party") may challenge the designation by

19  providing written notice of the challenge to the Designating Party. The Challenging

20  Party must have a reasonable basis for instituting the challenge. Within ten (10) days

21  after the Challenging Party provides such written notice, the Challenging Party and the

22  Designating Party will attempt to resolve the issue through a meet-and-confer conference.

23  If the conference fails to resolve the challenge, the Challenging Party may file a motion

24  with the Court within seven (7) days of the meet and confer conference, provided that the

25  Challenging Party first provides the Designating Party and all other parties with three (3)

26  days advance written notice of the motion. The Designating Party will have seven (7)

27  days to file a brief in opposition to the motion. The party desiring to maintain the

28                                              7

LA1 1375227v 1

1  designation of the Discovery Material as Confidential Information will have the burden
2  of establishing grounds for such treatment. All parties will treat the Discovery Material
3  being challenged as Confidential Information under the terms of this Protective Order
4  unless and until the Court rules that the Discovery Material has been improperly
5  designated as Confidential Information.

6          7.      No Restrictions on the Use of Information Already in Party's
7                  Possession, Custody, or Control

8                  Nothing in this Protective Order places any restrictions on the use or
9  disclosure of any documents or information that were lawfully in the possession, custody,
10 or control of any party, its affiliates, or its agents prior to or independently of the
11 discovery process in this Litigation.

12         8.      Inadvertent Production of Privileged Information

13         (a)     The inadvertent production of any document or information subject to
14 a Privilege is not intended to be, and will not operate as, a waiver of any such Privilege,
15 in whole or in part by any Producing Party. Nor is any such inadvertent production
16 intended to be, nor will it constitute, a waiver of any right by a Producing Party to object
17 to the use of the document or of the information contained therein.

18         (b)     Within three (3) business days of receiving written notice of an
19 inadvertent production, the Receiving Party will return all Discovery Material that is
20 subject to a claim of Privilege. If prior to receiving notice of an inadvertent production,
21 the Receiving Party has disclosed the Discovery Material to any other person or entity,
22 the Receiving Party will arrange for the retrieval and return of the Discovery Material at
23 issue from that person or entity. In the event there is a dispute over whether the
24 Discovery Material is protected by a Privilege, the Receiving Party shall not use the
25 Discovery Material or share it with any other person or entity unless and until this Court
26 rules that the Discovery Material is not protected by any Privilege.

27

28                                        8

LA1 1375227v.1

Case 2:05-cv-05027-R-MAN

9.     Unauthorized Disclosure

In the event Confidential Information is disclosed to any person or entity not authorized to receive such information under the terms of this Protective Order, the party responsible for having made (or who otherwise has knowledge of) the disclosure will (a) inform counsel for all parties and the Designating Party of the disclosure within three (3) business days of learning of the disclosure, and (b) advise counsel for all parties and the Designating Party of the nature and circumstances of the disclosure. The party responsible for the disclosure will arrange for the return of the Confidential Information and will take all measures necessary to prevent any additional unauthorized disclosure. This provision does not preclude any party from seeking any further relief from the Court related to the unauthorized disclosure.

10.     Filing Papers with the Court

Any party filing Confidential Material with the Court must comply with Local Rule 79-5.1. Any party filing Discovery Material that has been designated as Confidential Information by another party may, in its application to file under seal, state that the reason for the application is that the filing contains Discovery Material designated as Confidential Information by another party pursuant to the terms of this Order. The filing of such an application is sufficient to comply with the terms of this Order, and to the extent necessary, it shall be the Designating Party's burden to demonstrate (through appropriate submissions to the Court) the need for the sealing of such Confidential Information. If the Court denies an application to file Confidential Information under seal, the Confidential Information may be filed with the Court, but such filing will not otherwise exempt that Confidential Information from the applicable requirements of this Order.

11.     Confidential Information at Trial or Hearing

Subject to the Federal Rules of Evidence or any other evidentiary objection, Confidential Information may be offered in evidence at trial or at any Court hearing,

9

LA1 1375227v.1

1  provided that the proponent of the evidence has disclosed the Confidential Information in

2  accordance with the requirements governing pre-trial disclosures of evidence to be used

3  at trial. A party may move the Court for an Order that the evidence be received *in*

4  *camera* or under other conditions to prevent unnecessary disclosure of the Confidential

5  Information. The Court will determine what protection the proffered evidence will be

6  afforded at a trial or hearing. Nothing in this Paragraph, however, shall restrict a party's

7  ability to use Confidential Information in a manner permitted by Paragraph 7.

8              12.    No Waiver

9              An inadvertent failure to designate Discovery Material as Confidential

10  Information will not be construed as a waiver of the confidentiality of the information. If

11  Discovery Material is designated as Confidential Information after the Discovery

12  Material was initially produced, the Receiving Party, upon notification of the designation,

13  will make reasonable efforts to assure that the Discovery Material is treated in

14  accordance with the provisions of this Order. The disclosure of Confidential Information

15  will not be construed as a waiver or of any objections to the relevancy, discoverability, or

16  the admissibility of the Confidential Information. In addition, any inadvertent,

17  unintentional, or *in camera* disclosure of Confidential Information will not be deemed a

18  waiver, in whole or in part, of any claim of confidentiality.

19              13.    Return or Destruction of Confidential Information

20              No later than sixty (60) days after the termination of the Litigation, whether

21  by settlement, judgment or appeal, a party in possession of Confidential Information will

22  either (a) return the Confidential Information to counsel for the Producing Party, or (b)

23  with the written consent of the Producing Party, destroy the Confidential Information and

24  provide the Producing Party and its counsel of record with a certificate of destruction.

25  Notwithstanding the foregoing, counsel may retain an archival copy of all pleadings and

26  other materials constituting work product, including all documents filed with the Court.

27  In addition, the Producing Party shall maintain an archival copy of all Confidential

28                                  10

1 | Information returned to it in accordance with this section for a period of three (3) years
2 | after the termination of the Litigation, and shall (within this three (3) year period) provide
3 | such archival copy (or the relevant portion thereof) to counsel for the party requesting it,
4 | provided the Producing Party has been furnished with either (a) a copy of a subpoena or
5 | other process requiring the production of the Confidential Information contained in the
6 | archival copy or (b) an express written request by the malpractice insurance carrier of the
7 | party seeking delivery of the archival copy.

8 |         14.   Third-Party Attempts to Compel Disclosures

9 |       If any party receives a subpoena or other process from any third-party
10 | seeking production of Confidential Information, that party will give written notice to the
11 | Designating Party and all counsel of record within three (3) business days of receiving
12 | the subpoena or other process.  The party will also produce a copy of the subpoena or
13 | other process to the Designating Party and all counsel of record.  In addition, the party
14 | receiving the subpoena or other process shall, within five (5) days of receiving the
15 | subpoena or other process, deliver a copy of this Order to the third-party who caused the
16 | subpoena or other process to issue.  The purpose of imposing these obligations is to alert
17 | the interested parties to the existence of this Order and to afford the Designating Party a
18 | reasonable opportunity to protect the confidentiality of the Confidential Information in
19 | the court from which the subpoena or other process was issued.  Accordingly, the party
20 | receiving the subpoena or other process may not disclose any Confidential Information
21 | pursuant to the subpoena or other process until, at the earliest, twenty-one (21) days after
22 | such party provides the written notice to the Designating Party as contemplated in this
23 | section. The Designating Party shall bear the burden and expense of seeking protection
24 | of the Confidential Information in the court from which the subpoena or other process
25 | was issued.

26

27

28

LA1 1375227v.1

15.   Additional Provisions

(a)   Nothing in this Protective Order will prevent or prejudice any party, Producing Party or Designating Party from seeking to modify this Protective Order or to obtain additional protection with respect to the use or disclosure of Confidential Information.

(b)   Headings contained herein are for convenience only and do not control the interpretation of the Protective Order.

(c)   The designation of Discovery Material as Confidential Information (or the lack thereof) will not be admissible for any purpose in any trial or at any proceeding other than a proceeding concerning the scope and applicability of the Protective Order.

(d)   Nothing in this Protective Order will require the production of information that a party contends is protected from disclosure by any Privilege.

(e)   The provisions of this Protective Order will survive the conclusion of the Litigation unless otherwise agreed in writing by the parties or ordered by the Court.

12

1        (f)    Each person to whom Confidential Information is made available

2    under the terms of this Protective Order consents to jurisdiction of the Court to enforce its

3    terms.

4              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

5    Dated: January __, 2009         SIDLEY AUSTIN LLP

6

7

8

9                          By: _____

10                              Robert M. Stone
                                Attorneys for Southern California Gas

11                              Company and the Southern California Gas
                                Company Pension Plan

12   Dated: January __, 2009         LEWIS, FEINBERG, LEE, RENAKER &

13                              JACKSON, P.C.

14

15

16

17                         By: _Margaret S. Hasselman_

18                            Margaret E. Hasselman
                              Attorneys for Plaintiffs

19

20                      ~~[PROPOSED]~~ ORDER

21           Upon stipulation of the parties, and good cause appearing, the foregoing

22   Stipulation and Protective Order is approved.

23                              **The Protective Order Shall not
                                apply to any document disclosing

24   IT IS SO ORDERED.              a violation of law or order of a
                                court of competent jurisdiction.**

25   Dated: ~~January~~ Feb. 4, 2009

26                         _____

27                         The Honorable Manuel Real
                           United States District Judge

28                            13

LA: 1375227v.1

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HURLIC, SUSANNA H. SELESKY, individually and on behalf of a class of all other persons similarly situated, | )  CASE NO.: CV05-5027 R (MANx) )  )  **CERTIFICATION OF** |
| Plaintiffs, | )  **AGREEMENT TO ABIDE BY** )  **TERMS OF PROTECTIVE** )  **ORDER** |
| v. | ) |
| SOUTHERN CALIFORNIA GAS COMPANY, THE SOUTHERN CALIFORNIA GAS COMPANY PENSION PLAN, | )  )  )  )  ) |
| Defendants. | )  ) |

I, _____, whose address is _____

_____, certify that I have read the Protective Order entered in the

above-captioned case on January _____, 2009, and that I understand its terms.  I agree

that I am bound by the terms of the Protective Order and will comply with those terms.  I

consent to be subject to the personal jurisdiction of the United States District Court for

the Central District of California to enforce the terms of the Protective Order and this

Certification.

Dated: _____       _____
                                                    [signature]

14

**[PROPOSED] PROTECTIVE ORDER**

LA1 1375227v.1