UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HURLIC, SUSANA H. SELESKY, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>SOUTHERN CALIFORNIA GAS COMPANY, THE SOUTHERN CALIFORNIA GAS COMPANY PENSION PLAN,<br><br>    Defendants. | Case No. CV-05-5027 R (MANx)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND JUDGMENT** |

The Court having previously entered the Preliminary Approval Order, dated June 16, 2009, in which the Court preliminarily approved the proposed settlement set forth in the Settlement Agreement filed May 26, 2009 (the "Settlement" or "Agreement"), between Defendant Southern California Gas Company ("Defendant") and Plaintiff Susana H. Selesky and members of the Class, as being within the range of a fair, reasonable and adequate settlement that is in the best interests of the Class; preliminarily certified a class for settlement purposes only; designated the Class Representative and Class Counsel; preliminarily enjoined Class Members from "commencing or prosecuting, as an individual or collectively . . . any of the Released Claims that would be released and discharged upon final approval of the Settlement"; approved the forms of the Notice, found that the proposed method of dissemination of the Notice constituted the best practicable notice under the circumstances and fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and ordered the parties to give notice to members of the Class; established procedures for Class Members to object to the proposed Settlement; and scheduled a Fairness Hearing for October 5, 2009, for the Court to determine whether the Settlement should be finally approved and judgment entered thereon; and

The Fairness Hearing having been held on October 5, 2009, after notice to the Class, and the Court having fully considered Plaintiff's Unopposed Motion For Final Approval Of Class Settlement, Award of Attorneys' Fees and Costs, and Service Payment to Named Plaintiff; the submissions in support thereof; and all papers filed with or submitted to the Court in connection with the proceedings in this action;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  Unless otherwise defined herein, defined terms shall be given the meaning set forth in this Paragraph:

    a.  "Beneficiary" is (a) a person designated as a beneficiary

1  under the Cash Balance Plan by a Cash Balance Plan participant who is a Class
2  Member, or (b) any other person who is entitled to receive a death benefit under the
3  terms of the Cash Balance Plan, or (c) an alternate payee under a Qualified Domestic
4  Relations Order.
5     b. "Cash Balance Plan" is the Southern California Gas
6  Company Management and Associate Employee Cash Balance Program, which is a
7  part of the Plan.
8     c. "Class Counsel" are the law firms of Lewis, Feinberg, Lee,
9  Renaker & Jackson, P.C. and Rukin Hyland Doria & Tindall LLP.
10    d. "Class Member" is a person who is a member of the Class.
11    e. "ERISA" is the Employee Retirement Income Security Act
12 of 1974, as amended.
13    f. "Litigation" is the legal action captioned <u>David Hurlic, et al.</u>
14 <u>v. Southern California Gas Company, et al.</u>, Case No. CV-05-5027 R (MANx).
15    g. "Notice" is the Notice to the Class, in the form attached as
16 Exhibits 1 and 1A-B to the Preliminary Approval Order.
17    h. "Plan" is the Southern California Gas Company Statement
18 of the Life Insurance, Disability Benefit, and Pension Plans, restated as the Southern
19 California Gas Company Pension Plan as of January 1, 2008.
20    i. "Plaintiff" is Susana H. Selesky.
21    j. "Preliminary Approval Order Date" is the date on which the
22 Court entered the Preliminary Approval Order, June 16, 2009.
23    k. "Released Claims" are any and all causes of action, claims,
24 damages, punitive or statutory damages, penalties, demands, liabilities, obligations,
25 rights, expenses, losses, issues, and suits of any kind or nature whatsoever (including
26 any claim for attorneys' fees or expenses), whether asserted or unasserted, known or
27 unknown, suspected or unsuspected, contingent or non-contingent, that any of the
28 Releasing Parties have, may have had, or may have in the future against any of the

Released Parties under any source of law, equity or otherwise (including federal law or the law of any state or locality, common law, or statutory law) in connection with or that arise out of or relate in any manner whatsoever, in whole or in part, to the acts, transactions, or occurrences alleged, asserted or that could have been alleged or asserted in the Litigation, including any claim pursuant to ERISA, the Age Discrimination in Employment Act, and the California Fair Employment and Housing Act or any communications, representations, statements, or omissions to Class Members with respect to any of the foregoing.  The Released Claims do not include any claim under the terms of any SoCalGas ERISA plan relating to an alleged miscalculation of any Class Member's benefits or breach of fiduciary duty where such claim is not related to this Settlement or the matters alleged in the Litigation.

l. "Released Parties" are SoCalGas, the Plan and each of their past, present and future parents, affiliates, subsidiaries, divisions, successors and assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, auditors, accountants, experts, contractors, agents, insurers, representatives, attorneys, trustees and other persons acting on their behalf, including but not limited to, the Committee referenced in Sections 9.1 and 10.1 of the Plan and the Cash Balance Plan, respectively, as both are amended and restated effective January 1, 2008.

m. "Releasing Parties" are Plaintiff, on her own behalf and as a representative of the Class, each Class Member, and all persons purporting to act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their dependents, heirs, assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, spouses or ex-spouses, guardians, personal representatives, and successors-in-interest, whether individual, class, representative, legal, equitable, direct or indirect, or any other type or in any other capacity.

n. "Settlement" is the settlement set forth in the Settlement Agreement filed with the Court on May 26, 2009.

o. "SoCalGas" is the Southern California Gas Company.

2. The Court has subject matter jurisdiction over this Litigation, and all matters related to the Settlement.

3. The Court has personal jurisdiction over the Plaintiff, Class Members, and Defendant Southern California Gas Company.

4. The Court confirms certification of the Class for settlement purposes.

    a. The Class is defined as (a) all persons who satisfy each of the following requirements: (i) participated in the Southern California Gas Company Statement of the Life Insurance, Disability Benefit, and Pension Plans on June 30, 1998, (ii) on July 1, 1998, accrued benefits under the Southern California Gas Company Management and Associate Employee Cash Balance Program's ("Cash Balance Plan's") cash balance formula, (iii) were vested in their pension benefits under the Cash Balance Plan on or before the Preliminary Approval Order Date, and (iv) did not terminate employment at any time before July 1, 2003; and (b) the Beneficiaries of all such persons identified in (a).

    b. The Class, as certified, satisfies the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

    c. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all members of the Class throughout this Litigation.

5. In accordance with its earlier findings in the Preliminary Approval Order, the Court finds that the notice provided to members of the Class constituted the best notice practicable under the circumstances and fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and afforded Class Members adequate time and opportunity to object to the Settlement.

6. The Settlement is fair, reasonable and adequate, and in the best interests of the Class, and is finally approved in its entirety, and the parties are

1 directed to consummate and implement the Settlement in accordance with its terms
2 and provisions.

3     7. The Court has considered each objection submitted and determines
4 that each objection lacks merit and does not demonstrate that the Settlement, taken as
5 a whole, is unfair, unreasonable, or inadequate.  Each and every objection is overruled
6 and denied in all respects.

7     8. This Litigation and all claims asserted in the Litigation are
8 dismissed in their entirety with prejudice, without costs to any party.

9     9. The release provisions of the Settlement, including the release and
10 discharge of Released Claims (as that term is defined in Paragraph 1.k above) and the
11 waiver of the provisions of California Civil Code section 1542 and any and all
12 provisions, rights, and benefits conferred by any law of the United States, any state or
13 territory of the United States, or any state or territory of any other country, or principle
14 of common law or equity, which governs or limits a person's release of unknown
15 claims, are binding upon Plaintiff, Class Members and all other Releasing Parties.

16     10. The release set forth in the Settlement is identical to the release in
17 this Paragraph, and shall be binding upon Plaintiff and all members of the Class:
18 Each of the Releasing Parties shall be deemed to have, and by operation of Judgment
19 will have, fully, finally and forever released, relinquished, and discharged the
20 Released Parties from any and all Released Claims.

21     11. Plaintiff and all Class Members, and anyone acting on their behalf
22 (including attorneys, representatives or agents of any Class Member), who have actual
23 knowledge of this injunction, are barred and enjoined from commencing or
24 prosecuting, as an individual or collectively, representatively, derivatively, or on
25 behalf of herself, or in any other capacity of any kind whatsoever, any action in this
26 Court, any other federal court, any state court, or any other tribunal or forum of any
27 kind, against any Released Party that asserts any claims that are Released Claims
28 under the terms of the Settlement.

12. The failure of any party to perform any of its obligations under the Settlement and this Judgment shall not subject such party to any liability or remedy for damages, or otherwise, where such failure is occasioned in whole or in part by acts of God, fires, accidents, earthquakes, other natural disasters, explosions, floods, wars, shortages of material or supplies, sabotage, terrorist acts, acts or failures to act of any third parties, or compliance with laws, restrictions, rules or regulations, or any other circumstances or causes beyond the reasonable control of such party.

13. Reasonable attorneys' fees and expenses of $185,000 are awarded to Class Counsel, and a service award of $10,000 is awarded to Plaintiff. The attorneys' fees and expenses and the service award to Plaintiff shall be paid in the manner specified in the Settlement.

14. The Court hereby reserves continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement (including the benefits to Class Members thereunder), over the enforcement, construction, and interpretation of the Settlement and this Judgment, including but not limited to, the provisions enjoining any further litigation of Released Claims, and over Plaintiff and all members of the Class (and their attorneys and law firms) in connection herewith.

15. Notwithstanding the reservation of jurisdiction in Paragraph 14, this is a final and appealable judgment that ends the litigation of all claims alleged in the Litigation. The Clerk is directed to enter this Judgment forthwith.

Date: _____   _____

United States District Court Judge